UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON DARRELLE DAVIS, CDCR #F-97032,<br><br>                              Plaintiff,<br><br>vs.<br><br>SERGEANT ACUNA, CORRECTIONAL OFFICER ARROYO and CORRECTIONAL OFFICER HERNANDEZ,<br><br>                              Defendants. | Case No.:  21cv2047-GPC (KSC)<br><br>**ORDER**<br><br>**1) DENYING SECOND MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT, and**<br><br>**2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)(1)** |

On December 6, 2021, Plaintiff Devon Darrelle Davis, a state prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 accompanied by a Motion to Proceed In Forma Pauperis ("IFP"). (ECF Nos. 1-2.) On May 17, 2022, the Court granted Plaintiff's IFP motion and dismissed the Complaint with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. (ECF No. 7.)

Plaintiff has now filed a First Amended Complaint ("FAC") and a renewed IFP motion. (ECF Nos. 8-9.) Plaintiff's renewed Motion to proceed IFP is **DENIED** as moot as Plaintiff has already been granted leave to proceed IFP in this action.

## I. Sua Sponte Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and proceeding IFP, the FAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B. Factual Allegations in the FAC

Plaintiff, who identifies himself as a transgender prisoner, claims he was subjected to cruel and unusual punishment and deliberate indifference to serious medical needs when he was "forced into an unusual circumstance and defecated on himself and the floor." (ECF No. 8 at 3, 16.) Plaintiff alleges that on July 12, 2021, he approached Defendant RJD

Correctional Officer Hernandez and informed Hernandez he was completely out of toilet tissue and urgently needed to move his bowels. (*Id*. at 14.) Plaintiff informed Hernandez that Correctional Officer Gomez, who is not named as a Defendant, was supposed to bring toilet tissue earlier that day but forgot, and Hernandez said she would bring Plaintiff some toilet tissue after dinner. (*Id.*) About thirty minutes later Hernandez came to Plaintiff's door passing out mail and Plaintiff reminded her to bring toilet tissue and told her it was serious because he was unable to hold his bowels much longer. (*Id*.) Hernandez agreed to bring toilet tissue but another thirty minutes passed without receiving any tissue and Plaintiff was released for the 6:00 p.m. "medical pass." (*Id*.) Plaintiff walked to the officers' office and again asked Hernandez for toilet tissue. (*Id*. at 15.) Plaintiff informed Hernandez that Gomez had left three full rolls of toilet tissue in her office and insisted Hernandez give him some because the matter was "non-negotiable" and: "I am near defecating on myself." (*Id.*) When Hernandez said she would first need to clear the request with her partner, Defendant RJD Correctional Officer Arroyo, Plaintiff "tried to reason" with Hernandez, noting that in the time they spent debating Hernandez could have given him toilet paper and: "I would have already been back to my cell on the toilet." (*Id.*)

When Defendant Arroyo instructed Defendant Hernandez not to give Plaintiff any toilet tissue, Plaintiff informed Arroyo that he could not wait. (*Id*.) In response, Arroyo aggressively walked into the office and counted ten squares of toilet tissue and handed it to Plaintiff. (*Id*.) When Plaintiff informed Arroyo that it was not enough and to please provide more, Arroyo threw the ten tissue squares on her desk and stated: "Well I'm not giving you NO tissue at all" and left the office. (*Id*.) Plaintiff requested Arroyo call her supervisor "so I can report her inhumate treatment" but Defendant refused. (*Id*.)

Plaintiff noticed the office door was left open and he reached into the office and grabbed a roll of toilet tissue and rushed back to his cell to defecate. (*Id*.) Defendants Hernandez and Arroyo activated their alarms coded for a disruptive inmate. (*Id*.) Plaintiff was stopped in front of his cell door where Defendant Sergeant Acuna responded and ordered Plaintiff to turn around and cuff up. (*Id*.) Plaintiff told Acuna: "I will cuff-up but

at this precise second I am about to defecate on myself, I no longer can hold it in." (*Id.* at 16.) Plaintiff asked permission to use the toilet with the cell door open while Acuna watched. (*Id.*) Acuna refused, ordered Plaintiff to cuff up and told him he could instead "use the toilet approximately 150 yards away in the gym area." (*Id.*) When Plaintiff said he "could not make it down the (20) twenty step staircase" and asked to use his cell toilet, Acuna refused and told him if "he has to defecate that bad then do it where [Plaintiff] stands." (*Id.*) Plaintiff was on the second floor of unit twelve exposed to "the entire building, approximately (150) one hundred fifty inmates, (15) fifteen officers, body cams and building cameras. Not being able to hold my bowels any longer nor giving admission to a nearby toilet, [Plaintiff] was forced into an unusual circumstance and defecated on himself and the floor." (*Id.*)

Plaintiff states that as a result of Defendants' actions he developed "a rash and skin irritation along his inner thighs, buttocks, testicles due to lack of proper time to cleanse and adequate material." (*Id.*) He alleges that: "After this ordeal Sgt. Acuna on numerous occasions [told Plaintiff] 'you should have opted to just use[] your t-shirt, or socks instead of going into the officers' office." (*Id.*)

**C.     Discussion**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones."), quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain.") A prisoner claiming an Eighth Amendment violation must allege: (1) the deprivation they suffered was "objectively, sufficiently serious;" and (2) a prison official acted with deliberate indifference to a serious risk to their health or safety in allowing that deprivation to take place. *Farmer*, 511 U.S. at 834.

"Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, 'those deprivations denying

'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), quoting *Rhodes*, 452 U.S. at 347. "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. In other words, they must not be devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (internal quote marks and citations omitted).

In the Court's prior dismissal order, Plaintiff was informed that his allegations that Defendants Acuna, Hernandez and Arroyo failed to provide him with the amount of toilet tissue he demanded and immediate access to the toilet in his cell, as opposed to 10 squares of toilet tissue and access to a different toilet 150 yards away, simply did not rise to the level of an "objectively, sufficiently serious" deprivation under the Eighth Amendment. (ECF No. 7 at 7-8, quoting *Farmer*, 511 U.S. at 834.) Plaintiff was informed that this was because "the Eighth Amendment prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain,' or are grossly disproportionate to the severity of the crime," but to "the extent that . . . conditions are [merely] restrictive [or] even harsh, they are part of the penalty that criminal offenders pay for their offenses against society," and do not offend Eighth Amendment principles. (*Id.* at 8, quoting *Rhodes*, 452 U.S. at 346-47.) Plaintiff was informed that "only those deprivations denying 'the minimal civilized measure of life's necessities'" like food, clothing, shelter, medical care, and safety are "sufficiently grave to form the basis of an Eighth Amendment violation." (*Id.*, quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).) Plaintiff was informed that allegations involving insufficient amounts of toilet paper simply "do not impinge on a constitutionally protected basic human need and do not rise to the level of cruel and unusual punishment." (*Id.*, quoting *Obataiye-Allah v. Gilbertson*, No. 19cv0135-JR, 2019 WL 2303844, at *2 (D. Or. May 29, 2019), and citing *Lyons v. Skolnik*, 502 Fed. Appx. 712, 713 (9th Cir. 2013)

(prison's policy of providing inmates with only one roll of toilet paper per week, and requiring inmates to purchase extra toilet paper if they wished to exceed that allotment, did not amount to denial of minimal civilized measure of life's necessities, in violation of Eighth Amendment), and *Macy v. Post*, No. 14cv18-H-DLC-RKS, 2015 WL 105584, at *4 (D. Mont. Jan. 7, 2015) (finding prisoner's allegation of being denied "toilet paper on three occasions over the course of less than two months" did not "meet the objective test for cruel and unusual punishment" and "it is clear to the Court that the defects associated with [this claim] cannot and will not be cured.").)

Moreover, lack of sanitation can rise to the level of an Eighth Amendment violation if the lack of sanitation is severe or prolonged. *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.1995) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."); *Frye v. Oleshea,* No. C 08-5288 CW, 2012 WL 951318, at *1, *6 (N.D. Cal. Mar. 20, 2012) (placing a nearly-naked prisoner in leg restraints and confining him for nearly two days in a dirty cell with no toilet access, a bucket to relieve himself, constant lighting, and no toilet paper or soap and water did not violate the Eighth Amendment); *but see Harris v. Lappin*, No. EDCV 06-0664VBF(AJW), 2009 WL 789756, at *10 (C.D. Cal. Mar. 19, 2009) (finding a viable Eighth Amendment claim for 11-day dry cell confinement without a bunk, sink, shower or toilet and a filthy floor covered with other inmates' waste and bodily fluids).  Here, Plaintiff has not alleged facts that any lack of sanitary condition was more than temporary.

Further, the FAC once again fails to allege facts sufficient to plausibly show Defendants Hernandez, Arroyo or Acuna, who are the only named Defendants in the FAC, "kn[ew] of and disregard[ed] an excessive risk to his health or safety" when they allegedly failed to provide him with more than 10 squares of toilet paper or required him to use a toilet outside his cell. *Farmer*, 511 U.S. at 837.  While admittedly humiliating, the Court finds Plaintiff's allegations fail to state a claim upon which Section 1983 relief can be granted.  *Id*.; *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (verbal

harassment does not violate the Eighth Amendment), citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (using vulgar language with an inmate does not state a constitutional claim).

Accordingly, the Court *sua sponte* dismisses the First Amended Complaint based on a failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Farmer*, 511 U.S. at 837. The Court previously informed Plaintiff of the pleading standards set forth above (*see* ECF No. 7), and he has once again failed to state a § 1983 claim upon which relief may be granted. Because it is now absolutely clear Plaintiff is unable to sufficiently allege a § 1983 claim, the dismissal is without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.   Conclusion and Orders

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 9) as moot.

2) **DISMISSES** Plaintiff's First Amended Complaint sua sponte in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The dismissal is without further leave to amend. The Clerk of Court is directed to enter a final judgment of dismissal.

**IT IS SO ORDERED**.

Dated:  October 4, 2022

Hon. Gonzalo P. Curiel
United States District Judge